# United States District Court

### DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

ALFONSO TREJO-PONCE

## Criminal Complaint

CASE NUMBER: 07- 119 M

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about __June 29, 2007__ in __New Castle__ County, in the District of Delaware, defendant, an alien, was found in the United States, after previously being removed to Mexico subsequent to an aggravated felony conviction, and prior to his reembarkation at a place outside the United States neither the United States Attorney General nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to defendant's reapplying for admission to the United States

in violation of Title ___8___ United States Code, Section(s) __1326(a) & (b)(2)__.

I further state that I am a(n) __Special Agent, Department of Homeland Security, ICE__ and that this complaint is based
Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes X

FILED
JUN 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Signature of Complainant
William O. Horn
Special Agent, ICE

Sworn to before me and subscribed in my presence,

June 29, 2007                               at          Wilmington, DE
Date                                                    City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                        Signature of Judicial Officer

# AFFIDAVIT

I, William O. Horn, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Immigration & Customs Enforcement (ICE), Wilmington, Delaware. I have been employed as a Special Agent since October 1, 1997, when I was employed by the Immigration and Naturalization Service (INS). The INS was transferred to the U.S. Department of Homeland Security and I became an employee of Immigration & Customs Enforcement in March 2003.

2. This investigation is based on information provided by State of Delaware government agencies, INS/ICE records, and my own observations and interviews.

3. On or about June 25, 2007, ICE received notification from Citizenship and Immigration Services (CIS), a branch of the Department of Homeland Security, that a citizen of the United States had filed an Immediate Relative petition for her spouse, Alfonso TREJO-Ponce. CIS and ICE records show that TREJO had been deported previously from the United States to Mexico. The petition indicated that TREJO was residing in Wilmington, within the District of Delaware.

4. Your affiant conducted surveillance of the residence at the address given, and made a visual identification of TREJO at that address on two occasions. The identification was based on DMV photographs of TREJO and from photographs in his alien file, A91 158 590.

5. On June 29, 2007, your affiant encountered TREJO at his residence in Wilmington, DE. Your affiant identified himself and asked the subject whether he was TREJO. He stated that he was. When asked what country he is a citizen of, he answered, "Mexico." When asked whether he were in the United States legally or illegally, he answered that he was illegal.

6. Your affiant has reviewed alien file A91 158 590, which relates to TREJO. In that alien file is a copy of an executed Form I-205, which shows that TREJO was removed from the United States to Mexico on November 14, 2000, from Laredo, TX.

7. Also in the file is a certified copy of a Sentencing Order from the Family Court of the State of Delaware, sentencing him to 12 months' incarceration, suspended for probation, for Terroristic Threatening, under Title 11, Section 621 of the Delaware Code. This conviction constitutes a conviction for an aggravated felony, as defined in Title 8, United States Code, Section 1101(a)(43)(F).

8. There is no evidence in the alien file that TREJO filed an Application for Advance Permission to Reapply for Admission into the United States, after he was removed in 2000.

WHEREFORE, your affiant avers that there is probable cause to believe that Alfonso TREJO-Ponce, a citizen and national of Mexico, was removed by INS/ICE to Mexico on November 14, 2000, and that, prior to his reembarkation at a place outside the United States, neither the United States Attorney General nor the Undersecretary for Border and Transportation Security,

Department of Homeland Security, had expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, 1326(a) and (b)(2).

William O. Horn
Special Agent
U.S. Immigration & Customs Enforcement

Sworn to and subscribed before me this __ day of June 2007.

HONORABLE MARY PAT THYNGE
United States Magistrate Judge